# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURAB BUZIASHVILI, | Civil No. 3:21-cv-185 |
| Petitioner | (Judge Mariani) |
| v. | |
| MATTHEW T. ALBENCE, *et al.*, | |
| Respondents | |

## MEMORANDUM

### I.  Background

On June 16, 2020, Petitioner Zurab Buziashvili ("Buziashvili"), a native and citizen of Georgia, initiated this action in the United States District Court for the Southern District of New York by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The action was subsequently transferred to this Court. (*See* Docs. 17, 18).

Buziashvili was subject to an immigration detainer issued by the United States Immigration and Customs Enforcement ("ICE"). In the habeas petition, Buziashvili challenged his detention by ICE and requested an Order directing Respondents to "immediately lift and dismiss the [ICE] detainer, and enjoining them from any further enforcement of custody" or, in the alternative, he requested a final ruling on his immigration status. (Doc. 1, p. 10). At the time his petition was filed, Buziashvili was housed at the Federal Correctional Complex, Allenwood, Pennsylvania. On August 6, 2021, Buziashvili was released from custody under an order of supervision. *See Buziashvili v. ICE, et al.*, No.

3:21-CV-776, Doc. 8 (M.D. Pa.). In an effort to ascertain the custodial status of Buziashvili, the Court accessed the ICE Online Detainee Locator System, which revealed no matches for detainee Zurab Buziashvili.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.   Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

---

[1] Upon entering Buziashvili's alien registration number, A071193254, and his country of birth, Georgia, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2

In the present case, Buziashvili sought an Order from this Court directing the Respondents to immediately lift and dismiss the detainer and enjoining the Respondents from any further enforcement of custody, effectively requiring them to immediately release Buziashvili from detention. (*See* Doc. 1). Because Buziashvili has since been released on an order of supervision, the petition no longer presents an existing case or controversy. *See Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (holding that petitioner's release from immigration detention on an order of supervision rendered his § 2241 habeas petition moot). Further, Buziashvili has received the relief he sought, namely, release from custody. *See Nunes*, 480 F. App'x 173 (ruling that conditional release pending removal rendered the habeas petition moot); *see also Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 23, 2021